OCTOBER AND NOVEMBER TERM, 1882, No. 92.  OCT. 30, 1884.

## Marlatt *v.* Marlatt.

1. The action for use and occupation is grounded on a contract relation, the essential characteristics of which are recognition by the occupant of the owner's title, and possession in subordination thereto, with his express or implied consent.

2. Where, therefore, the defendant, a devisee, went into possession, and the plaintiff tenant by the courtesy testified that he asked for possession and was refused, and that he never asked for rent, and that there was no agreement to pay rent, and there was no other evidence,

[Marlatt *v.* Marlatt.] ·

it was error to refuse to charge the jury that the verdict should be for the defendant.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Common Pleas, No. 1, of the *County of Allegheny.*

Case by James Marlatt, for use of A. M. Watson against Henry Marlatt.

The declaration was for use and occupation of a certain dwelling-house and lot in Chartiers township, formerly the property of Margaret Marlatt, deceased, in which the plaintiff alleged a husband's courtesy.

On the trial, before COLLIER, J., the following facts appeared : Margaret Marlatt, wife of plaintiff, and mother of defendant, died in September, 1876, seized of the property for use and occupation of which this suit was brought, having first made a will duly recorded and proved June 8, 1878, in which she devised these premises to the defendant, who remained in possession from the time of her death, during the period of plaintiff's claim. The plaintiff testified that he had asked the defendant to give him possession of the property, and that he had not done so ; the same witness was cross-examined as follows :

"*Q.* When did you first ask Henry for rent, if you ever did ?

*A.* I did not ask him for rent, because he would not give me any that I know of.

*Q.* Did you ever ask him at all for any rent ?

*A.* No ; I guess I did not.

*Q.* Did he ever agree to pay you any rent ?

*A.* No ; I made no arrangement with him. All I wanted was to board there somewhere, everything was run out, or played out on me, down getting my debts or claims below."

This was all the evidence for the plaintiff.

The defendant presented, *inter alia,* the following point :

"That under all the evidence, their verdict should be for the defendant." Refused.

Verdict for plaintiff for $312 62 and judgment thereon, whereupon defendant obtained this writ, assigning for error, *inter alia,* the refusal of his point quoted above.

*Thomas Herriott* for plaintiff in error.

[Marlatt v. Marlatt.]

The action for use and occupation will not lie unless there is a contract, either expressed or implied, between the parties. Wood's Landlord and Tenant, p. 948 ; Taylor on Landlord and Tenant, 636 ; Pott v. Lesher, 1 Yeates, 576 ; Kline v. Jacobs, 68 Pa. St., 57; Brolasky v. Ferguson, 48 Pa. St., 434 ; Stockton's Appeal, 64 Pa. St., 58.

From the testimony of the plaintiff, it is clear that the defendant never, in any way, recognized the plaintiff's right to possession.

*A. M. Watson* for defendant in error.

The action for use and occupation will lie upon proof of title in plaintiff, and occupation by defendant ; Clark v. Green, 35 Ga., 92.

November 13, 1884, the opinion of the Court was delivered by STERRETT, J.

In this action for use and occupation, it was incumbent on plaintiff below to prove that the relation of landlord and tenant existed between him and defendant; that the latter occupied the premises in question with the assent, express or implied, of the former, and in subordination to his title as tenant by the courtesy, not claiming in his own right or adversely to the plaintiff. The action is grounded on a contract relation, the essential characteristics of which are recognition by the occupant of the owner's title, and possession in subordination thereto, with his express or implied assent. As was said in Brolasky v. Ferguson, 12 Wright, 434, the proof of such relation may be either direct or presumptive. If the occupant of the premises has been in possession by permission of the owner, the law will presume a promise to pay a reasonable rent, though none has been expressly agreed upon. In such case, the contract is deduced from the assent of the owner, and the acts of the occupant in pursuance thereof ; but, when the occupant enters without any understanding with the owner, and without his knowledge, there can be no basis for any implication of a contract to pay for the use of the premises. Tested by these principles, plaintiff below had no case, and defendant's fifth point, in which the court was requested to instruct the jury, " That under all the evidence their verdict should be for defendant," should have been affirmed. In his examination-in-chief, plaintiff testified in substance that defendant took possession of the house and lot on the death of his mother, in 1878, and has lived there ever since ; that at one time he demanded possession of the premises, but defendant refused

[McAfee *v*. Magee.]

to surrender the same. On cross-examination, he was asked: "When did you first ask Henry for rent, if you ever did?" His answer was, "I did not ask him for rent, because he would not give me any that I know of." And to the question, "Did he ever agree to pay you any rent?" he replied, "No; I made no arrangement with him. All I wanted was to board there somewhere." In the face of this testimony, and plaintiff had nothing better on which to rely, it was clearly impossible for the jury to find that any such relation as that of landlord and tenant existed between the parties. On the contrary, the only inference that could be legitimately drawn by the jury from the evidence was, that on the death of his mother, defendant, as her devisee of the premises in question took, and retained possession thereof, in his own right, and not in subordination to the title of his father or any one else. In other words, plaintiff below failed to make out such a case as warranted a verdict in his favor. It is unnecessary to consider the specifications of error in detail.

Judgment reversed.